CASE 18—PETITION ORDINARY—JANUARY 14.

## Allcorn vs. Tuggle.

**APPEAL FROM WAYNE CIRCUIT COURT.**

To fix the liability of the bail in a civil action, it is not necessary that the *return* of "not found" upon an execution against the body of the principal should be made within twenty days after the judgment against him; the execution must be placed in the sheriff's hands within twenty days from the judgment, (*Civil Code, sec.* 198,) but the return day is fixed by the rules of the court whence the execution emanates.

When the bail in a civil action has it in his power to surrender his principal to the sheriff, who has an execution in his hands against the body of the principal, which issued upon the judgment, it his duty to do so.

S. WILLIAMS, for appellant, cited *Civil Code, secs.* 190, 198.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This was a proceeding against appellant, as bail in a civil action. Upon a submission of the law and facts to the circuit judge he was held liable, and from that judgment has appealed.

Two grounds are relied on for reversal:

1. That a return of "not found" against the principal in the bond was not made within twenty days after judgment; and

2. That the proof shows that the sheriff had falsely returned his principal not found.

The law does not require the return of "not found" to be made within twenty days after judgment against the principal. The period prescribed by the Civil Code, (*section* 198,) which governs this case, relates not to the return of the officer, but to the placing of the execution in the hands of the sheriff. This is evident from the language of the section. The object was to impose diligence upon the plaintiff in the execution by requiring him, within twenty days from the judgment, to place the execution in the sheriff's hands; but not to shorten the return day, which is always fixed by the rules of the court whence the execution emanates.

In regard to the second point—waiving the question whether it is permissible at all for the bail to question the officer's

return in the mode here attempted—we do not hesitate to say that the proof wholly failed to show any falsity in the return. The bail had it in his power to have surrendered his principal to the officer, and it was his duty to have done so.

No error is perceived in the record, and the judgment is therefore *affirmed*.